IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2015 at Knoxville

**DAVID EDWARD NILES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 17706     Robert G. Crigler, Judge**

_____

**No. M2014-00147-CCA-R3-PC – Filed June 1, 2015**

_____

Petitioner, David Edward Niles, was indicted for, and ultimately convicted of, first degree murder in Bedford County. *State v. David Edward Niles*, No. M2011-01412-CCA-R3-CD, 2012 WL 1965438, at *1 (Tenn. Crim. App. Jun. 1, 2012), *perm. app. denied* (Tenn. Oct. 17, 2012). His direct appeal was unsuccessful. *Id.* He subsequently sought post-conviction relief on the basis of ineffective assistance of counsel. After a hearing, the petition was dismissed. On appeal, Petitioner insists that the post-conviction court improperly dismissed the petition for relief and that he received ineffective assistance of post-conviction counsel. After a review, we determine that Petitioner failed to establish that he received ineffective assistance of counsel at trial. Further, we determine that Petitioner is not entitled to challenge the effectiveness of post-conviction counsel. Consequently, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

David E. Niles, Only, Tennessee, pro se (on appeal); James Tucker, Shelbyville, Tennessee (at post-conviction hearing).

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Robert Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

This is a post-conviction matter filed by Petitioner who murdered the mother of his son nearly five and a half years ago. Petitioner was convicted of first degree murder in Bedford County in November of 2010. *State v. David Edward Niles*, No. M2011-01412-CCA-R3-CD, 2012 WL 1965438, at *1 (Tenn. Crim. App. Jun. 1, 2012), *perm. app. denied* (Tenn. Oct. 17, 2012).

After the shooting the victim outside of her apartment, Petitioner fled the scene in his vehicle. *Id.* He was apprehended a short time thereafter based on the description of the vehicle. When he was arrested, he was in possession of a nine-millimeter Glock handgun, a black ski mask, a black baseball cap, a pair of gloves, a white towel, and a handgun case. Inside the handgun case, Petitioner had a spare Glock firing pin, a spare Glock barrel, and a Glock disassembly tool. *Id.* at *7-8. The serial number on the barrel of the recovered handgun differed from the serial number on the frame and slide. The spare Glock barrel matched the serial number of the frame and slide. Tennessee Bureau of Investigation ("TBI") testing showed that the shell casings at the crime scene were fired from a weapon with a different barrel and firing pin than the stock barrel and firing pin found in Petitioner's vehicle in the gun case at the time of his arrest. The gloves in the car contained traces of gunshot primer residue. *Id.* A subsequent search of Petitioner's home revealed ammunition consistent with ammunition fired in the handgun that killed the victim as well as receipts for a replacement barrel, replacement firing pin, and Glock disassembly tool. *Id.* at *2.

After his arrest, Petitioner told law enforcement officers that "'God told him to kill [the victim]' . . . [because she] was an 'unfit mother.'" *Id.* at *9. On direct appeal, this Court affirmed the conviction, determining that the trial court properly denied the motion to suppress, that the evidence was sufficient to sustain the conviction for first degree premeditated murder, and that the trial court did not abuse its discretion in denying the ex parte motion for funds for a psychiatrist. *Id.* at *18. The supreme court denied permission to appeal on October 17, 2012.

Petitioner filed a timely pro se petition for post-conviction relief. In the petition, he argued that his conviction was based on: (1) an illegal traffic stop without probable cause or reasonable suspicion; (2) the use of evidence obtained pursuant to an unlawful arrest; and (3) an unconstitutionally selected and impanelled Grand Jury. He also asserted that he received ineffective assistance of counsel. With regard to ineffective assistance of counsel, Petitioner complained that counsel: (1) failed to prepare him for trial; (2) failed to challenge the traffic stop; (3) failed to pursue mental health issues; and (4) "other issues." Counsel was appointed, but post-conviction counsel did not file an amended petition or a written notice pursuant to Tennessee Code Annotated section 40-

30-107 that no amended petition would be filed. A hearing was held on October 18, 2013.

At the hearing, Petitioner testified that he had two attorneys appointed to assist his defense at trial. Petitioner testified that trial counsel were ineffective in failing to file a motion to suppress the evidence based on the argument that the stop of Petitioner's vehicle was illegal. Petitioner testified that he was obeying all traffic laws when the stop was initiated but conceded that there was a "be on the lookout" ("BOLO") issued for a small white car, like his, in the area of the shooting. Petitioner also admitted that trial counsel filed a motion to suppress his confession and the search of his residence. These motions were unsuccessful at the trial level. The trial court's decision to deny the motions was affirmed on appeal. *David Edward Niles*, 2012 WL 1965438, at *11-12.

Petitioner also complained during his testimony at the post-conviction hearing that trial counsel erred in closing argument by proclaiming that Petitioner was guilty, just not of murder. The State objected to this testimony on the basis that Petitioner did not allege improper closing arguments in his petition for post-conviction relief. Post-conviction counsel insisted that because the petition for relief raised ineffective assistance as an issue, any complaint about the closing argument fell "square[ly] within that." The post-conviction court explained that the petition should be more specific than just generally alleging ineffective assistance of counsel and that the statements made during closing argument would probably be considered "trial tactics."

Petitioner also complained about trial counsel's failure to call two witnesses. He did not present these witnesses at the post-conviction hearing for testimony.

Petitioner's father, William Niles, testified that at the time of the incident, Petitioner drove a white Nissan Sentra. Mr. Niles testified that he counted seventeen small white vehicles outside the courthouse on the day that he gave his testimony. He opined that white cars were common in the area.

Trial counsel testified at the hearing. He explained that he had been practicing law for more than twenty years and had been an Assistant Public Defender for twelve years. He recalled that the evidence against Petitioner was "extremely strong."

Trial counsel was able to recall the facts of the case, including the 911 call received around 8:30 p.m. the night of the incident. Shortly thereafter, authorities were given a description of the vehicle and stopped Petitioner's vehicle nearby. Trial counsel did not file a motion to suppress the search of the vehicle because he felt there was no legal basis for the motion. Trial counsel thought that any motion would be frivolous.

Trial counsel recalled interviewing at least one of the witnesses mentioned by Petitioner, Tina Sanders. Trial counsel assessed her potential testimony and determined that it did not help in the defense. Trial counsel was not familiar with the other witness named by Petitioner.

Trial counsel commented that "with all of the homicides I have had, [Petitioner's case] would have to rate in the top two or three of the strongest cases for the State based upon the proof that was put on at trial," in part because there was "overwhelming evidence" of premeditation.

At the conclusion of the hearing, the post-conviction court made the following comments:

> I think had they filed a motion to suppress on this, I don't think it would have been frivolous. It is not the same thing to say that the Court would have granted it. I think in your own argument you said I can't prove they would have won this had they filed one. That is the criteria in a post[-]conviction. If something would have changed the trial. The defendant in this case has the burden of proof that they would have won the suppression hearing if they had moved to suppress the stop. It probably would have been a fairly close case.
>
> . . . .
>
> I think he was so close in time and place to the scene of the shooting I don't believe the motion would have been granted. I don't think you've met your burden of proof then on post[-]conviction. If the BOLO had said Nissan, the State would have been in a stronger position because the small white car is more - - a more general description.
>
> . . . .
>
> As to the witnesses, Tina Sanders and Christy, they haven't been called as witnesses today.
>
> I don't even have to analyze that any further because you can't say there was a mistake made on a missing witness unless that witness testifies at the post[-]conviction and the judge doesn't have to analyze whether that would have changed the outcome of the trial.
>
> The closing argument or argument wasn't raised in the petition but as I said, the penalty between first and second and voluntary is so great. I

- 4 -

always charged all of the lesser: second, voluntary, reckless and criminally negligent homicide. You are almost ineffective in that, at least in not making a motion of trying to get a lesser included offense even though the evidence of premeditation was very great in this case, about as good as it gets as far as proving premeditation.

The issue about the search of the home has been decided on appeal. . . .

After the hearing, the post-conviction court issued a written order denying relief and dismissed the petition. In addition to the findings made at the conclusion of the hearing, the post-conviction court noted "[t]he advice given and services rendered by trial counsel were within the range of competence demanded of attorneys in criminal cases." Further, the post-conviction court commented that any deficiency "did not have an adverse effect on the defense" and that Petitioner failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." In other words, the post-conviction court found that Petitioner failed to meet his burden of proof. The post-conviction court reappointed counsel for Petitioner in the event of an appeal.

Petitioner, in response, filed a pleading entitled "Unequivocal Notice of his Intent to Proceed Pro Se." In the "Notice," Petitioner complained that post-conviction counsel: (1) failed to investigate issues in the petition; (2) failed to amend the initial petition; (3) failed to ensure the post-conviction procedures were properly followed; (4) failed to secure witnesses and evidence for the post-conviction hearing; and (5) "deliberately worked against his interests."

On December 9, 2013, Petitioner filed a motion to "Remove Current Counsel, Appoint Substitute Counsel, Nullify Prior Post Conviction Evidentiary Hearing, and Reset Hearing Following Appointed Counsel[']s Actual Investigation and the Subsequent Filing of an Amended Petition." In the motion, Petitioner reiterated his complaints about post-conviction counsel's representation and asserted that post-conviction counsel was required, pursuant to Tennessee Code Annotated section 40-30-107, to file a written notice that no amended petition would be filed. Additionally, Petitioner sought to "nullify" the post-conviction hearing and asked the post-conviction court for another hearing after the filing of an amended petition. Petitioner filed a notice of appeal on the same day that he filed the motion to remove counsel. The post-conviction court denied the motion.

After Petitioner filed the notice of appeal, post-conviction counsel filed a motion to withdraw. In the motion, counsel noted that Petitioner sent him a letter removing him as counsel and that the relationship had deteriorated to the point where counsel wished to

be removed from representation. On March 14, 2014, this Court reviewed counsel's motion to withdraw and ordered the post-conviction court to conduct a hearing in accordance with the terms set forth in *Lovin v. State*, 286 S.W.2d 275 (Tenn. 2009), prior to allowing post-conviction counsel to withdraw and Petitioner to proceed pro se on appeal. The trial court held a hearing on the matter, after which it determined that Petitioner could proceed pro se. The post-conviction court also granted the motion to withdraw filed by post-conviction counsel.

Petitioner filed a Motion to Compel in this Court and in the trial court in which he sought to compel post-conviction counsel to file verified statements about the amount of time he spent on the post-conviction petition, the number of times he met with Petitioner, and the matters he investigated. The trial court denied the request on the basis that it lacked jurisdiction to rule on the motion because Petitioner had already filed the notice of appeal and because Tennessee Code Annotated section 40-30-111(c) does not require counsel to provide the verified statement sought by Petitioner.

On appeal, Petitioner continues to maintain that he received ineffective assistance of trial counsel. Additionally, he insists that he received ineffective assistance of counsel at the post-conviction level, listing the following as the grounds for his appeal with regard to post-conviction counsel:

> [Post-conviction counsel] failed in every meaningful manner to represent the [P]etitioner; that he failed to raise the issues that he identified and decided to present to the court in the proper manner, i.e.[,] to amend the post[-]conviction petition to include them; to present the witnesses that he identified and brought to the court's attention; to request a continuance when it became obvious that the petition needed to be amended; to request a continuance when it became obvious that an investigation of [Petitioner's] claims was necessary, i.e.[,] the history between Cam Ferrell and himself from High School; and that he failed to present the officers as witnesses who were in the police car and who pulled [Petitioner] over and subsequently arrested him, to establish the exact evidence or probable cause they relied upon to justify the traffic stop.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or

substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of trial counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that trial counsel's performance was deficient and that deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Id.*; *Henley*, 960 S.W.2d at 579. This Court "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. This Court will not use hindsight to second-guess a reasonably-based trial strategy. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel, however, is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

Whether a petitioner has been denied the effective assistance of trial counsel presents a mixed question of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction

court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Trial Counsel

In support of his claim of ineffective assistance of trial counsel, Petitioner has alleged several errors both prior to trial and at trial. Petitioner alleges that his trial counsel was ineffective for failing to thoroughly investigate the scene and circumstances of his arrest and subsequent confession. He believes that he was prejudiced thereby because trial counsel failed to file a motion to suppress the search of his vehicle. Petitioner claims that one of the officers had "personal animosity" toward Petitioner that was a remnant of some high school altercation. Additionally, Petitioner complains that the motion to suppress his statement and the search of his residence that was filed by trial counsel was ultimately denied and the evidence was admitted against him during trial. *See David Edward Niles*, 2012 WL 1965438, at *11-12.

Trial counsel's failure to adequately prepare for a dispositive motion hearing or to investigate the circumstances of a potentially unconstitutional interrogation can be the basis for a claim of ineffective assistance of counsel. *See Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) ("Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner."). According to Petitioner, had trial counsel filed an additional motion to suppress, both motions would have been successful. Petitioner hones in on the specifics of why and how he was apprehended, contending that the time and distance from the shooting to the traffic stop lend credence to his assertion that a motion to suppress the search of his vehicle would have been granted had it been filed. However, in this case, trial counsel testified that he investigated thoroughly, looked at all the facts, and determined that an additional motion to suppress would be frivolous. The post-conviction court accredited this testimony. From the record, it appears that this was a trial tactic made after adequate preparation and planning. *See Adkins*, 911 S.W.2d at 347; *Cooper*, 847 S.W.2d at 528. Petitioner is not entitled to relief on this issue.[1]

---

[1] We also note that, from our review of the record and the briefs, it appears that Petitioner does not raise on appeal all of the issues that were identified in his petition. For example, Petitioner seems to abandon on appeal his argument that trial counsel failed to thoroughly investigate and call two witnesses. Any issues that were raised in the post-conviction court but that have not been pursued on appeal are deemed abandoned. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) ("While the Petitioner raised additional issues in his petition for post-conviction relief, he has abandoned those issues on appeal."). Moreover, had the issue not been waived, trial counsel testified that he interviewed one of the witnesses, Tina Sanders, and found her testimony unnecessary. Again, this Court must be highly deferential to counsel's performance, *Burns*, 6 S.W.3d at 462, and we will not second-guess the informed tactical decisions of trial counsel. *Pylant v.*

Petitioner alleges that he received ineffective assistance of counsel at the post-conviction level and that the "federal rulings in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), establish the right of effective assistance of counsel at a post-conviction evidentiary hearing." Petitioner argues that these cases, coupled with post-conviction counsel's failure to "meet the very lax requirements of T[ennessee] Sup[reme] C[ourt] R[ule] 28" entitle him to relief in the form of a remand for a new post-conviction hearing with newly appointed counsel and the opportunity to file an amended petition.

We disagree. This Court has repeatedly held that *Martinez* does not entitle a petitioner to make such a claim. In *Martinez*, the United States Supreme Court stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. This Court has declined to extend *Martinez* to state proceedings. *See, e.g.*, *Charles McHaney v. State*, No. M2014-00290-CCA-R3-PC, 2014 WL 3384666, at *3 (Tenn. Crim. App. July 10, 2014); *Ruben Pimentel v. State*, No. M2011-01309-CCA-R3-PC, 2013 WL 4505402, at *3 (Tenn. Crim. App. Aug. 21, 2013).

Likewise, *Trevino* does not provide relief for Petitioner in this Case. In *Trevino*, the Supreme Court concluded that *Martinez* applies not only where state law mandates that a claim of ineffective assistance of counsel must be raised in a post-conviction proceeding but also "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct

---

*State*, 263 S.W.3d 854, 874 (Tenn. 2008) (citing *Henley v. State*, 960 S.W.2 572, 579 (Tenn. 1997)). The record reflects that counsel adequately prepared for trial and made informed strategic decisions. Additionally, because we have determined Petitioner made an insufficient showing of deficiency with regard to the presentation of these witnesses, we need not address the issue of prejudice. *See Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697). Nevertheless, we note that Petitioner failed to present any of these proposed witnesses at the post-conviction hearing. This Court has repeatedly concluded that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

appeal." *Trevino*, 133 S.Ct. at 1921. The result of *Trevino* was to slightly expand the holding of *Martinez*. It, too, does not compel the relief sought by Petitioner.

Petitioner does not have a constitutional right to the effective assistance of post-conviction counsel. *Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010). The right to post-conviction counsel is statutorily based, found in the Post-Conviction Procedure Act. T.C.A. § 40-30-107(b). The justification for this statutory right "is to afford a petitioner the full and fair consideration of all possible grounds for relief." *Frazier*, 303 S.W.3d at 680. In furtherance of this purpose, our supreme court requires a minimum standard of service for all post-conviction counsel. *Id.*; *see* Tenn. Sup.Ct. R. 28 § 6(C)(2)-(4). However, it should be pointed out that these rules "do not provide any basis for relief from a conviction or sentence." *Frazier*, 303 S.W.3d at 681. Due process in the post-conviction context requires merely that "the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting *House v. State*, 911 S.W.2d 705, 711 (Tenn. 1995)). Specifically, a full and fair hearing requires only "the opportunity to present proof and argument on the petition for post-conviction relief." *House*, 911 S.W.2d at 714.

In the case herein, Petitioner complains that post-conviction counsel did not file an amended petition or comply with Rule 28. As a result, he asks us to grant him a second bite at the apple. We decline to do so. Petitioner received the benefit of the full extent of due process of law and assistance of post-conviction counsel. Post-conviction counsel pursued Petitioner's claims of ineffective assistance of trial and appellate counsel at the evidentiary hearing. Witnesses were presented to lend support to the arguments advanced in the petition filed pro se by Petitioner. On appeal, Petitioner has provided us with no legal authority entitling him to a second post-conviction hearing for the alleged shortcomings of his post-conviction counsel because he is not entitled to effective representation beyond what he has already received. Our supreme court has expressly held that an allegation of ineffective assistance of post-conviction counsel "does not establish a legal excuse for failure to raise . . . issues in the initial proceeding." *House*, 911 S.W.2d at 712. Moreover, this Court has repeatedly held that violations of Rule 28 by post-conviction counsel do not warrant a second post-conviction hearing. *See, e.g.*, *Thaddeus Johnson v. State*, No. W2014-00053-CCA-R3-PC, 2014 WL 7401989, at *9 (Tenn. Crim. App. Dec. 29, 2014), *perm. app. filed* (Tenn. Feb. 26, 2015); *Anthony Boyland v. State*, No. W2013-01226-CCA-MR3-PC, 2014 WL 3818612, at *17 (Tenn. Crim. App. Aug. 4, 2014), *perm. app. denied* (Tenn. Nov. 20, 2014); *Jonathan Everett v. State*, No. W2013-02033-CCA-R3-PC, 2014 WL 3744498, at *6-7 (Tenn. Crim. App. Jul. 28, 2014), *perm. app. denied* (Tenn. Nov. 19. 2014). Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


                          _____

                          TIMOTHY L. EASTER, JUDGE